FIRST DEPARTMENT, DECEMBER TERM, 1878.

WILLIS S. PAINE, AS RECEIVER OF THE BOND STREET
SAVINGS BANK OF THE CITY OF NEW YORK, APPELLANT,
*v.* ROBERT IRWIN, RESPONDENT.

*Sale of land to a corporation by a trustee thereof — right of the former to avoid the
sale and recover for improvements.*

In this action, brought by the plaintiff as receiver of a savings bank, the com-
plaint alleged that in 1871, and while the defendant was one of the trustees of
the bank, he sold to it a lot for $89,500 ; that a building was erected thereon by
the bank for $125,000, defendant being one of the building committee. That
such sale was voidable at the option of the bank ; that owing to the improve-
ments it was not practicable, consistently with the rights and interests of the
bank, to simply avoid the sale and receive back the purchase-price, with
interest, and asked that the defendant be compelled to take a reconveyance of
the lot and building, and to pay to plaintiff the amount expended by the bank,
with interest, or to pay the difference between the purchase-price of $89,500
and the value of the lot at the date of the judgment to be entered in such action.
*Held,* that, as it appeared from the complaint that a simple avoidance of the
sale of the lot purchased was impracticable, a demurrer to the complaint, on
the ground that it did not state facts sufficient to constitute a cause of action,
should be sustained.

APPEAL from an order, sustaining a demurrer to the complaint.
The complaint in this action alleges the due appointment of the
plaintiff as receiver of the Bond Street Savings Bank; that in the
year 1870, and continuously down to February, 1876, the defend-
ant was a trustee of that bank; that in 1873 the defendant was
the owner of a lot of land upon the corner of Bond street and
Bowery; that in April, 1873, the defendant conveyed this lot of
land to the bank for $89,500; that thereafter the bank erected a
building upon the lot in question, at a cost of $125,000, which
building was erected under the supervision of a building com-
mittee, of which the defendant was one. The complaint contains
no allegation of any fraud upon the part of the defendant in pro-
curing the purchase, or that the price paid was beyond the value
of the lot at the time of the conveyance. The complaint states
that said premises having been built upon (said sale having been
made by the defendant for that purpose, and the defendant hav-
ing, as a trustee of said bank, aided and been concerned in the

erection of said building) it is not practicable, consistently with the rights and interests of said bank to simply avoid said sale, and demand and receive back the purchase-money and interest upon a reconveyance of said premises to the defendant; that, under these circumstances, he is advised and believes and claims that he is entitled, as receiver, to require of the defendant that, upon the reconveyance to him of said premises, he repay to the plaintiff said consideration money and interest, and also the aggregate amount expended by said bank in the erection of said building, together with the interest; or else that the defendant shall repay to him, the said plaintiff, the difference between such a sum as represents the value, at the time of the judgment herein, of said premises, exclusive of the building (that is, the present value of the lot alone) and the purchase-money, with interest thereon at seven per cent. from the date of its payment to the date of the judgment to be rendered herein.

The defendant demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action.

The following is the opinion delivered at Special Term :

Van Brunt, J.:

The authorities cited by the plaintiff's counsel would perhaps sustain the proposition that, even in the absence of fraud, a corporation would have the right to avoid contracts made between itself and its trustees, and that that right is not limited to merely executory contracts, nor is it limited to purchases by trustees of a corporation, but the same principle would apply to a sale by a trustee to a corporation.

In the case of the *Cumberland Coal Company* v. *Sherman* (30 Barb., 553), the authorities affecting this question have been studiously gathered by the learned judge who wrote the opinion in that case, who sums up the conclusion to be derived from a consideration of the various cases in England and in this State in the following language: " Neither are the duties or obligations of a director or trustee altered from the circumstance that he is one of a number of directors or trustees, and that this circumstance diminishes his responsibility or relieves him from any incapacity to deal with the property of his *cestui que trust.* The same prin-

ciples apply to him, as one of a number, as if he was acting as a sole trustee. It is not doubted that it has been shown that the relation of the directors to the stockholders is the same as that of the agent to his principal, the trustee to his *cestui que trust,* and out of the identity of these relations necessarily spring the same duties, the same danger and the same policy of the law.

"In the language of the plaintiff's counsel, it is justly said, 'whether it be a director dealing with the board, of which he is a member, or a trustee dealing with his co-trustees, and himself the real party in interest, the principal is absent, the watchful and effective self-interest of the director or trustee seeking a bargain is not counteracted by the equally watchful and effective self-interest of the other party who is there only by his representatives, and the wise policy of the law treats all such cases as that of a trustee dealing with himself.' The number of directors or trustees does not lessen the danger or insure security that the interests of the *cestui que trust* will be protected.

"The moment the directors permit one or more of their number to deal with the property of the stockholders, they surrender their own independence and self-control. If five directors permit the sixth to purchase the property intrusted to their care, the same thing must be done with the others if they desire it. Increase of the number of the agents in no degree diminishes the danger of unfaithfulness. *Whichcote* v. *Lawrence* (3 Vesey, 740) was a case of several trustees. In this case Lord LOUGHBOROUGH says: 'There was more opportunity for that species of management which does not betray itself much in the conduct and language of the party when several trustees are acting together. I am sorry to say there is greater negligence when there is a number of trustees.'"

But in none of the cases has it ever been hinted at, that in the absence of fraud a corporation or a *cestui que trust* could rescind a contract of purchase made with a trustee, and compel the trustee to pay for improvements put upon the premises by the corporation or *cestui que trust.* The fact that the corporation or *cestui que trust* had erected improvements upon property bought from a trustee would not impair their right to rescind the contract and recover the property, provided they abandoned the improvements ;

but in the absence of fraud I know of no case which will justify me in holding that the corporation or *cestui que trust* can compel the trustee upon a rescision to indemnify for improvements.

It is urged upon the part of the plaintiff that the fact that the defendant was one of a committee, especially authorized to superintend the erection of the building upon the premises in question, justifies the demand made by the plaintiff, because the defendant was instrumental in the erection of this building ; but I fail to see that this circumstance in any respect alters the question, because his liability rests entirely upon the fact of his being a trustee, and not upon the fact as to whether he did or not take an active part in the matter.

The complaint having alleged that it is impracticable, consistent with the interests of the bank, to simply avoid the sale, I am unable to see that any relief can be granted in this action, there being no authority in a *cestui que trust* to compel the trustee to pay for improvements.

It is undoubtedly true that no case in this State can be found that a corporation, in the absence of fraud, has a right to avoid a sale made to it by a trustee; but it is also equally true that no case to the contrary can be found, and as it undoubtedly has been decided, and is the rule that a purchase by a trustee of a *cestui que trust* may be avoided by the *cestui que trust*, the same reasoning and the same principle would apply with the same force to a sale by a trustee to a *cestui que trust*.

I have not thought it necessary to discuss the questions as to the defendant's presence at the meeting at which it was resolved to purchase this property, because his presence or absence at such a meeting would in no manner affect his disability to deal with the corporation. The confidential relation existed whether he was present at the meeting which directed the purchase or not.

The plaintiff in this action, not being in a condition to simply avoid the sale, as I have hereinbefore stated, no relief can be granted, and the demurrer must be sustained, with costs, the plaintiff to have leave to amend upon payment of costs.

*Francis C. Barlow*, for the appellant. In cases like that at bar, the purchase is voidable " as a conclusion of law, and without

reference to its fairness or unfairness." (*Cumberland Land Co.* v. *Sherman*, 30 Barb., at foot of p. 563, and top of p. 564 ; *Hoffman Steam Coal Co.* v. *Cumberland Coal and Iron Co.*, 16 Maryland R., at middle of p. 506, and by counsel *arguendo* at foot of p. 489, and top of p. 490, and cases there cited ; *G. C. & S. R. R. Co.* v. *Kelly*, 77 Ill., 426, and at pp. 434 and 435, a strong case ; *Michoud* v. *Girod*, 4 How. [U. S.], 503, and pp. 552–560 ; *Davoue* v. *Fanning*, 2 J. Ch. R., 251, and at p. 259 at foot, and p. 263 at foot ; *Hawley* v, *Cramer*, 4 Cow., at foot of p. 734, and at top of p. 735 ; in *Jewett* v. *Miller*, 10 N. Y., 402, and near foot of p. 405 ; *Boerum* v. *Schenck*, 41 N. Y., 182, and at p. 188 ; *Murphy* v. *O'Shea*, 2 J. & L. [Sugden's Decisions], head note at p. 402, and the Chancellor at p. 424 ; *York Building Co.* v. *Mackenzie*, 3 Paton's Appeal Cases, 378 ; *Colbourn* v. *Morton*, in Court of Appeals, 5 Abb. [N. S.], 308, head note at p. 309, and by the court *passim*.) It makes no difference in the application of this rule that Irwin was one of many, or not a sole trustee. (See *Aberdeen Railroad Co.* v. *Blaikie*, 1 McQueen, at p. 473, per Cranworth, Lord Chancellor ; *Cumberland Coal Co.* v. *Sherman*, 30 Barb., at foot of p. 572, and at p. 573 ; *Hoffman Company* v. *Cumberland Company*, 16 Md. R., at p. 493 ; *G. C. & S. R. R. Co.* v. *Kelly*, 77 Ill., 426.) The same principles are applied to a sale by a trustee to his corporation, as are applied to a purchase by him of the corporate property. (*Conkey* v. *Bond*, 34 Barb., 276 ; affirmed in Court of Appeals, 36 N. Y., 427 ; *Gillette* v. *Peppercorne*, 3 Beavan, 78, pp. 83, 84 ; *Bentley* v. *Craven*, 18 id., 75 ; *McCants* v. *Bee*, 1 McCord's Chancery [S. C.] R., top paging 222 ; star paging 383, 225 [star paging 389] ; *Aberdeen R. R. Co.* v. *Blaikie*, 1 McQueen, 461 ; *Michoud* v. *Girod*, 4 How. [U. S.], 503; 17 Barb., at p. 134, near top, per Allen, J., and 14 N. Y., p. 91, per Denio, J.) Besides the relief of abandoning the improvements, plaintiff is also entitled to either one or the other of the methods of relief asked for in the complaint. (*Coulbourn* v. *Morton*, 5 Abb. [N. S.], 308, and foot of p. 325 ; *Bentleo* v. *Craven*, 18 Beavan, at p. 76, and cases cited in Leading Cases in Equity ; Hare & Wallace's Notes, vol. 1 [3d Am. ed., 1859], at p. 206, under head of "Nature of Relief Granted by Courts of Equity ;" *Brackenridge* v. *Holland*, 2 Black., 377,

and at p. 383 ; *Ringold* v. *Ringold*, 1 Harris & Gill [Md.], p. 11 ; *Masson* v. *Bovet*, 1 Denio, 74; and see *Blake* v. *Mowatt*, 21 Beavan, at foot of p. 613.)

*B. F. Dunning*, for the respondent. A party having an election to rescind a contract must rescind it *in toto* or in no part. (Chitty on Con. [9th ed.], 748, note 2; The Law of Trusts and Trustees, by Tiffany and Bullard, 558; Story's Eq. Jur., § 322, *a* ; Willard's Eq. Jur. [Potter's ed.], 187; *Bartholomew* v. *Finnemore*, 17 Barb. [S. C.], 428; *Hunt* v. *Silk*, 5 East, 449; *Beed* v. *Blandford*, 2 Y. & Jer., 278.)

BRADY, J. :

We do not deem it necessary to express our views in an elaborate manner upon the questions discussed on the appellant's brief. The order made at Special Term was demanded by the allegations of the complaint, construed together. The avowed impracticability of the bank to simply avoid the sale, places the relief sought beyond any remedy which this court could grant on the facts alleged. The court below was decidedly influenced by the avowal mentioned, but granted leave to amend, of which the plaintiff did not avail himself. Whether, if the complaint were amended, the relief sought could be given, is a question we are not called upon now to consider. The absence of any charge of fraud, and of any charge of excess in price in the sale by the defendant, are circumstances which must be of much weight in the ultimate disposition of the case.

We adopt as expressive of our views the opinion rendered at Special Term by the learned justice presiding.

The order appealed from should therefore be affirmed.

INGALLS, J., concurred.

DAVIS, P. J., dissenting :

If any relief whatever could have been granted upon the material facts pleaded, the demurrer should not have been sustained.

I am of opinion that, upon the facts pleaded, the plaintiff could have been adjudged entitled to abandon and restore to the defend-

ant the property with all the improvements put upon it, and recover the purchase-price paid without interest, if for the best interests of the beneficiaries, on his election to do so within a prescribed time. That relief might be neither desirable nor valuable, but as a court of equity, upon the facts admitted by the demurrer, could and ought to award it, it was error to sustain the demurrer and give judgment for defendant.

I dissent, therefore, from the conclusion of my brethren, that the judgment should be affirmed.

Order affirmed.